**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

KENNETH WILSON
Inm No. 75478
East Jersey State Prison
1100 Woodbridge Road
Rahway, New Jersey 07065-5517
Plaintiff

**RECEIVED**

**JUN 11 2014**

AT 8:30_____M
WILLIAM T. WALSH, CLERK

—————————————————————————— X

KENNETH WILSON,

     Plaintiff,

     vs.

COMMISSIONER GARY M. LANIGAN, JAMES T.
PLOUSIS, SAMUEL J. PLUMERI, JR., BRIAN
T. BUTCH, ALLEN DelVENTO, CARMEN M.
GARCIA, LLOYD D. HENDERSON, JAMES B.
JEFFERSON, JULIO MARENCO, NORMAN
ROBERTSON, YOLETTE C. ROSS, RENI ERDOS,
THOMAS HAAF, MARY HUNT, CHARLIE JONES,
ROBERT RICCARDELLA, HOPE L. COOPER,
OSCAR DOYLE, LAURIE FUCHS, DAVID W.
THOMAS, LAWRENCE GREGORIO, DAWN MARIE
ADDIEGO, DIANE B. ALLEN, CHRISTOPHER
BATEMAN, JAMES BEACH, JENNIFER BECK,
ANTHONY R. BUCCO, BARBARA BUONO, GERALD
CARDINALE, RICHARD J. CODEY, CHRISTOPHER
J. CONNORS, SANDRA B. CUNNINGHAM,
MICHAEL J. DOHERTY, NIA H. GILL, ESQ.,
ROBERT M. GORDON, LINDA R. GREENSTEIN,
JAMES W. HOLZAPFEL, THOMAS H. KEAN, JR.,
JOSEPH M. KYRILLOS, JR., RAYMOND J.
LESNIAK, FRED H. MADDEN, JR., DONALD
NORCROSS, KEVIN J. O'TOOLE, STEVEN V.
OROHO, JOSEPH PENNACCHIO, NELIE POU,
RONALD L. RICE, M. TERESA RUIZ, NICHOLAS
J. SACCO, PAUL A. SARLO, NICHOLAS P.
SCUTARI, ROBERT W. SINGER, BOB SMITH,
BRIAN P. STACK, STEPHEN M. SWEENEY,
SAMUEL D. THOMPSON, SHIRLEY K. TURNER,
JEFF VAN DREW, JOSEPH F. VITALE, LORETTA
WEINBERG, JIM WHELAN, NELSON T. ALBANO,
JOHN F. AMODEO, BOB ANDRZEJCZAK, MARY
PAT ANGELINI, PETER J. BARNES, III,
DANIEL R. BENSON, JON M. BRAMNICK, CHRIS
A. BROWN, CHRISTOPHER J. BROWN, ANTHONY

CIVIL ACTION NO. _____

**COMPLAINT
AND JURY DEMAND**

M. BUCCO, JOHN J. BURZICHELLI, RALPH R.          :
CAPUTO, MARIENE CARIDE, MICHAEL PATRICK          :
CARROLL, CAROLINE CASAGRANDE, UPENDRA J.         :
CHIVUKULA, JACK M. CIATTARELLI, ROBERT           :
D. CLIFTON, HERB CONAWAY, JR., SEAN              :
CONNORS, CRAIG J. COUGHLIN, ALBERT               :
COUTINHO, JOSEPH CRYAN, RONALD S. DANCER,:
WAYNE P. DeANGELO, BETTY-LOU DeCROCE,            :
JOHN DiMAIO, PATRICK J. DIEGNAN, JR.,            :
JOSEPH V. EGAN, TIMOTHY J. EUSTACE,              :
ANGEL FUENTES, THOMAS P. GIBLIN, DiANNE          :
C. GOVE, JERRY GREEN, LOUIS D. GREENWALD,:
REED GUSCIORA, AMY H. HANDLIN, MILA M.           :
JASEY, ANGELICA M. JIMENEZ, GORDON M.            :
JOHNSON, SEAN T. KEAN, PAMELA R. LAMPITT,:
CHARLES MAINOR, GREGORY P. McGUCKIN,             :
ALISON LITTLE McHOSE, JOHN F. McKEON,            :
PAUL D. MORIARTY, GABRIELA M. MOSQUERA,          :
NANCY F. MUNOZ, JASON O'DONNELL, DECLAN          :
J. O'SCANLON, JR., SHELIA Y. OLIVER,             :
ERIK PETERSON, VINCENT PRIETO, ANNETTE           :
QUIJANO, RUBEN J. RAMOS, JR., DAVID P.           :
RIBLE, CELESTE M. RILEY, SCOTT RUDDER,           :
SCOTT T. RUMANA, BRIAN E. RUMPF, DAVID           :
C. RUSSO, GARY S. SCHAER, HOLLY SCHEPISI,:
ROBERT SCHROEDER, DONNA M. SIMON, TROY           :
SINGLETON, PARKER SPACE, L. GRACE                :
SPENCER, LINDA STENDER, SHAVONDA E.              :
SUMTER, CLEOPATRA G. TUCKER, VALERIE             :
VAINIERI HUTTLE, CONNIE WAGNER, BONNIE           :
WATSON COLEMAN, JAY WEBBER, GILBERT L.           :
WILSON, BENJIE E. WIMBERLY, JOHN S.              :
WIMBERLY, JOHN S. WISNIEWSKI, DAVID W.           :
WOLFE,                                           :
                                                 :
     Defendants.                                 :
                                                 :
------------------------------------------- X

## A. PARTIES

1.    Kenneth Wilson, Pro Se Plaintiff, is a citizen of New

Jersey, presently residing at East Jersey State Prison, located

at 1100 Woodbridge Road, in Rahway, New Jersey 07065-5517, in

the county of Middlesex.

PAGE 3

2.      Plaintiff brings this action under 42 U.S.C. § 1983, the Fifth,[1] Eighth and Fourteenth Amendments of the United States Constitution, 29 U.S.C. § 504 (the Rehabilitation Act), and 42 U.S.C. § 12132 (the Americans with Disabilities Act of 1990).

3.      Defendant Commissioner Gary M. Lanigan, is a citizen of New Jersey, he is the Commissioner for the New Jersey Department of Corrections, and is a New Jersey State government official who is responsible for the housing, treatment services, discipline, health care, and parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is Department of Corrections, Whittlesey Road, P.O. Box 863, Trenton, New Jersey 08625-0863. Defendant Lanigan is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

---

[1] The Fifth Amendment provides, in pertinent par, as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law... The Fourteenth Amendment provides, in pertinent part, as follows" "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4.      Defendant James T. Plousis, is a citizen of New Jersey,

he is Chairman of the New Jersey State Parole Board ("NJSPB"),

and a New Jersey State government official who is responsible

for parole for prisoners within the facilities of the New Jersey

Department of Corrections ("DOC"), whose address is New Jersey

State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862.

Defendant Plousis is herein being named in his individual, and/or

official capacities, jointly, and severally. Plaintiff seeks

declaratory and injunctive relief to remedy the illegal and

unconstitutional conditions for which the DOC defendants, NJSPB

and NJ Legislature (collectively the "Defendants") are

responsible and to which plaintiff is or will be subjected.

5.      Defendant Samuel J. Plumeri, Jr., is a citizen of New

Jersey, he is Vice-Chairman of the New Jersey State Parole Board

("NJSPB"), and a New Jersey State government official who is

responsible for parole for prisoners within the facilities of

the New Jersey Department of Corrections ("DOC"), whose address

is New Jersey State Parole Board, P.O. Box 862, Trenton, New

Jersey 08625-0862. Defendant Plumeri, Jr., is herein being

named in his individual, and/or official capacities, jointly,

and severally. Plaintiff seeks declaratory and injunctive relief

to remedy the illegal and unconstitutional conditions for which

the DOC defendants, NJSPB and NJ Legislature (collectively the

"Defendants") are responsible and to which plaintiff is or will

be subjected.

6. Defendant Brian T. Butch, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Butch is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

7. Defendant Allen DelVento, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant DelVento is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

8. Defendant Carmen M. Garcia, is a citizen of New Jersey, she is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Garcia is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

9. Defendant Lloyd D. Henderson, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Henderson is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

10.     Defendant James B. Jefferson, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Jefferon is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

11.     Defendant Julio Marenco, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Marenco is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

12.    Defendant Norman Robertson, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Robertson is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

13.    Defendant Yolette C. Ross, is a citizen of New Jersey, she is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Ross is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

14.    Defendant Reni Erdos, is a citizen of New Jersey, she
is an Associate Board Member of the New Jersey State Parole
Board ("NJSPB"), and a New Jersey State government official
who is responsible for parole for prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is New Jersey State Parole Board, P.O. Box 862, Trenton,
New Jersey 08625-0862.  Defendant Erdos is herein being named
in her individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

15.    Defendant Thomas Haaf, is a citizen of New Jersey, he
is an Associate Board Member of the New Jersey State Parole
Board ("NJSPB"), and a New Jersey State government official
who is responsible for parole for prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is New Jersey State Parole Board, P.O. Box 862, Trenton,
New Jersey 08625-0862.  Defendant Haaf is herein being named
in his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

16. Defendant Mary Hunt, is a citizen of New Jersey, she is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Hunt is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

17. Defendant Charlie Jones, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Jones is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

18.    Defendant Robert Riccardella, is a citizen of New Jersey, he is an Associate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862.  Defendant Riccardella is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

19.    Defendant Hope L. Cooper, is a citizen of New Jersey, she is an Alternate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862.  Defendant Cooper is herein being named in her individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

20.     Defendant Laurie Fuchs, is a citizen of New Jersey, she is an Alternate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Fuchs is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

21.     Defendant Oscar Doyle, is a citizen of New Jersey, she is an Alternate Board Member of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Defendant Doyle is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

22.   Defendant David W. Thomas, is a citizen of New Jersey, he is the Executive Director of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862.  Defendant Thomas is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

23.   Defendant Lawrence Gregorio, is a citizen of New Jersey, he is the Deputy Executive Director of the New Jersey State Parole Board ("NJSPB"), and a New Jersey State government official who is responsible for parole for prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862.  Defendant Gregorio is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

24.     Defendant Dawn Marie Addiego, is a citizen of New Jersey,
she is a Senator and member of the New Jersey State Legislature,
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 176 Route 70, Suite 13, Medford, New Jersey 08055.
Defendant Addiego is herein being named in her individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and
unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
25.     Defendant Diane B. Allen, is a citizen of New Jersey,
she is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 504 Route 130 North, Suite 100, Cinnaminson, New
Jersey 08077.  Defendant Allen is herein being named in her
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the

"Defendants") are responsible and to which plaintiff is or will
be subjected.

26.    Defendant Christopher Bateman, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 36 East Main Street, Somerville, New Jersey 08876.
Defendant Bateman is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and
unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

27.    Defendant James Beach, is a citizen of New Jersey, he
is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 1309 Route 70 West, Cherry Hill, New Jersey 08002.
Defendant Beach is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and

unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
28.    Defendant Jennifer Beck, is a citizen of New Jersey,
she is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 32 Monmouth Street, 3rd Floor, Red Bank, New Jersey
07701. Defendant Beck is herein being named in her individual,
and/or official capacities, jointly, and severally. Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
29.    Defendant Anthony R. Bucco, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 75 Bloomfield Avenue, Suite 302, 3rd Floor, Denville,
New Jersey 07834. Defendant Bucco is herein being named in
his individual, and/or official capacities, jointly, and

severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

30.    Defendant Barbara Buono, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is Two Lincoln Highway, Suite 401, Edison, New Jersey 08820.  Defendant Buono is herein being named in her individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

31.    Defendant Gerald Cardinale, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 350 Madison Avenue, Cresskill, New Jersey 07626.

Defendant Cardinale is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

32. Defendant Richard J. Codey, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 66 West Mount Pleasant Avenue, Livingston, New Jersey 07039. Defendant Codey is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

33. Defendant Christopher J. Connors, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections

("DOC"), whose address is 620 West Lacey Road, Forked River, New Jersey 08731. Defendant Connors is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

34.    Defendant Sandra B. Cunningham, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1738 Kennedy Boulevard, Jersey City, New Jersey 07305. Defendant Cunningham is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

35.    Defendant Michael J. Doherty, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official

who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 127 Belvidere Avenue, 2nd Floor, Washington, New Jersey 07882; and/or 245 Route 22, Suite 208, Bridgewater, New Jersey 08807. Defendant Doherty is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

36.    Defendant Nia H. Gill, Esq., is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 425 Bloomfield Avenue, 2nd Floor, Montclair, New Jersey 07042. Defendant Gill is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

37.    Defendant Robert M. Gordon, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 14-25 Plaza Road, P.O. Box 398, Fair Lawn, New Jersey
07410; and/or 35 South Washington Avenue, Bergenfield, New Jersey
07671.  Defendant Gordon is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
38.    Defendant Linda R. Greenstein, is a citizen of New Jersey,
she is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 1249 South River Road, Suite 105, Cranbury, New Jersey
08512.  Defendant Greenstein is herein being named in her
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC

defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

39.     Defendant James W. Holzapfel, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 852 Highway 70, Brick, New Jersey 08724.  Defendant
Holzapfel is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and
unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

40.     Defendant Thomas H. Kean, Jr., is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 425 North Avenue East, Suite C, Westfield, New Jersey
07090; and/or 57 Union Place, Suite 310, Summit, New Jersey
07901; and/or 251 North Avenue West, 2nd Floor, Westfield, New

Jersey 07090. Defendant Kean, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

41. Defendant Joseph M. Kyrillos, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1715 Highway 35, Suite 303, Middletown, New Jersey 07748. Defendant Kyrillos, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

42. Defendant Raymond J. Lesniak, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment

Case 2:14-cv-03746-JMV-JBC Document 1 Filed 06/11/14 Page 24 of 105 PageID: 24

of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 985 Stuyvesant Avenue, Union, New Jersey 07083; and/or
65 Jefferson Avenue, Suite B, Elizabeth, New Jersey 07201.
Defendant Lesniak, is herein being named in his individual,
and/or official capacities, jointly, and severally. Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
43.     Defendant Fred H. Madden, Jr., is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 129 Johnson Road, Suite 1, Turnersville, New Jersey
08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey
08021.  Defendant Madden, Jr., is herein being named in his
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

44.     Defendant Donald Norcross, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is Audubon Commons Shopping Center, 130 Blackhorse Pike,
1st Floor, Suite D-3, Audubon, New Jersey 08106; and/or Camden
City Hall, 520 Market Street, Suite 104, Camden, New Jersey
08102; and/or Gloucester County Justice Complex Annex, 114 North
Broad Street, Woodbury, New Jersey 08096.  Defendant Norcross,
is herein being named in his individual, and/or official
capacities, jointly, and severally.  Plaintiff seeks declaratory
and injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

45.     Defendant Kevin J. O'Toole, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 155 Route 46 West, Suite 108, Wayne, New Jersey 07470.
Defendant O'Toole, is herein being named in his individual,

and/or official capacities, jointly, and severally. Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
46.    Defendant Steven V. Oroho, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 115 Demarest Road, Ste. 2B, Sparta, New Jersey 07871;
and/or 227 Route 206, Bldg. 1, Station 15, Flanders, New Jersey
07836.  Defendant Oroho, is herein being named in his individual,
and/or official capacities, jointly, and severally. Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
47.    Defendant Joseph Pennacchio, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose

address is 330 Changebridge Road, Suite 102, Pine Brook, New Jersey 07058. Defendant Pennacchio, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

48. Defendant Nellie Pou, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 100 Hamilton Plaza, Suite 1405, Paterson, New Jersey 07505. Defendant Pou, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

49. Defendant Ronald L. Rice, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment

of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1044 South Orange Avenue, Newark, New Jersey 07106. Defendant Rice, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

50.     Defendant M. Teresa Ruiz, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 166 Bloomfield Avenue, Newark, New Jersey 07104. Defendant Ruiz, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

51.     Defendant Nicholas J. Sacco, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 9060 Palisade Avenue, North Bergen, New Jersey 07047.
Defendant Sacco, is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and
unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

52.     Defendant Paul A. Sarlo, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 496 Columbia Blvd., 1st Floor, Wood-Ridge, New Jersey
07075.  Defendant Sarlo, is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

53. Defendant Nicholas P. Scutari, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1514 E. Saint Georges Avenue, 2nd Floor, Linden, New Jersey 07036. Defendant Scutari, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

54. Defendant Robert W. Singer, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1771 Madison Avenue, Lakewood, New Jersey 08701. Defendant Singer, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB

and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
55.    Defendant Bob Smith, is a citizen of New Jersey, he is
a Senator and member of the New Jersey State Legislature (the
"Legislature"), and a New Jersey State government official who
is responsible for the language, wording, and enactment of penal
statutes that effect prisoners within the facilities of the
New Jersey Department of Corrections ("DOC"), whose address
is 216 Stelton Road, Suite E-5, Piscataway, New Jersey 08854.
Defendant Smith, is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and
unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
56.    Defendant Brian P. Stack, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 411 Palisades Avenue, Jersey City, New Jersey 07307.
Defendant Stack, is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and

unconstitutional conditions for which the DOC defendants, NJSPB
and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

57.     Defendant Stephen M. Sweeney, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 935 Kings Highway, Suite 400, West Deptford, New
Jersey 08086; and/or 199 East Broadway, 1st Floor, Suite G,
Salem, New Jersey 08079.  Defendant Sweeney, is herein being
named in his individual, and/or official capacities, jointly,
and severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

58.     Defendant Samuel D. Thompson, is a citizen of New Jersey,
he is a Senator and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 2501 Highway 516, Suite 101, Old Bridge, New Jersey

08857.  Defendant Thompson, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

59.    Defendant Shirley K. Turner, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1440 Pennington Road, Trenton, New Jersey 08618. Defendant Turner, is herein being named in her individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

60.    Defendant Jeff Van Drew, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities

of the New Jersey Department of Corrections ("DOC"), whose address is 21 North Main Street, Cape May Court House, Cape May, New Jersey 08210; and/or 1124 North High Street, Milville, New Jersey 08332; and/or 1028 East Landis Avenue, Vineland, New Jersey 08360. Defendant Van Drew, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

61. Defendant Joseph F. Vitale, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 569 Rahway Avenue, Woodbridge, New Jersey 07095. Defendant Vitale, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

62.     Defendant Loretta Weinberg, is a citizen of New Jersey, she is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 545 Cedar Lane, Teaneck, New Jersey 07666.  Defendant Weinberg, is herein being named in her individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

63.     Defendant Jim Whelan, is a citizen of New Jersey, he is a Senator and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 511 Tilton Road, Northfield, New Jersey 08225. Defendant Whelan, is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

64.     Defendant Nelson T. Albano, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 21 North Main Street, Cape May Court
House, Cape May, New Jersey 08210; and/or 1124 North High Street,
Milville, New Jersey 08332; and/or 1028 East Landis Avenue,
Vineland, New Jersey 08360.  Defendant Albano, is herein being
named in his individual, and/or official capacities, jointly,
and severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

65.     Defendant John F. Amodeo, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 1801 Zion Road, Suite 1, Northfield,
New Jersey 08225.  Defendant Amodeo, is herein being named in
his individual, and/or official capacities, jointly, and

severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

66.    Defendant Bob Andrzejczak, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 21 North Main Street, Cape May Court
House, Cape May, New Jersey 08210; and/or 1124 North High Street,
Milville, New Jersey 08332; and/or 1028 East Landis Avenue,
Vineland, New Jersey 08360. Defendant Andrzejczak, is herein
being named in his individual, and/or official capacities,
jointly, and severally. Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

67.    Defendant Mary Pat Angelini, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,

and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 1398 Highway 35, Suite 3, Ocean, New
Jersey 07712. Defendant Angelini, is herein being named in
her individual, and/or official capacities, jointly, and
severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

68.    Defendant Peter J. Barnes, III, is a citizen of New
Jersey, he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 3 Stephenville Pkwy., Suite 2-E,
Edison, New Jersey 08820. Defendant Barnes, III, is herein
being named in his individual, and/or official capacities,
jointly, and severally. Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

69.     Defendant Daniel R. Benson, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 3691A Nottingham Way, Hamilton Square,
New Jersey 08690.  Defendant Benson, is herein being named in
his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

70.     Defendant Jon M. Bramnick, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 251 North Avenue West, 2nd Floor,
Westfield, New Jersey, 07090.  Defendant Bramnick, is herein
being named in his individual, and/or official capacities,
jointly, and severally.  Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional

conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

71.     Defendant Chris A. Brown, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1801 Zion Road, Suite 1, Northfield, New Jersey 08225.  Defendant Chris A. Brown, is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

72.     Defendant Christopher J. Brown, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 176 Route 70, Suite 13, Medford, New Jersey 08055.  Defendant Christoher J. Brown, is herein being

named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

73. Defendant Anthony M. Bucco, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1040 Route 10 West, 1st Floor, Randolph, New Jersey 07869. Defendant Bucco, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

74. Defendant John J. Burzichelli, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within

the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 935 Kings Highway, Suite 400, West Deptford, New Jersey 08086; and/or 199 ast Broadway, 1st Floor, Suite G, Salem, New Jersey 08079. Defendant Burzichelli, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

75.    Defendant Ralph R. Caputo, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 148-152 Franklin Street, Bellevile, New Jersey 07109. Defendant Caputo, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

76.     Defendant Mariene Caride, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 613 Bergen Boulevard, Ridgefield,
New Jersey 07657.  Defendant Caride, is herein being named in
her individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

77.     Defendant Michael Patrick Carroll, is a citizen of New
Jersey, he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 146 Speedwell Avenue, Morris Plains,
New Jersey 07950.  Defendant Carroll, is herein being named
in his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which

the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

78.     Defendant Caroline Casagrande, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 35 West Main Street, Freehold, New Jersey 07728. Defendant Casagrande, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

79.     Defendant Upendra J. Civukula, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 888 Easton Avenue, Somerset, New Jersey 08873. Defendant Civukula, is herein being named in her

individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

80.    Defendant Jack M. Ciattarelli, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 50 Division Street, Ste. 200,
Somerville, New Jersey 08876.  Defendant Ciattarelli, is herein
being named in his individual, and/or official capacities,
jointly, and severally.  Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

81.    Defendant Robert D. Clifton, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within

the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 516 Route 33 West, Bldg. 2, Suite
2, Milstone, New Jersey 08535. Defendant Clifton, is herein
being named in his individual, and/or official capacities,
jointly, and severally. Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

82.      Defendant Herb Conaway, Jr., is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is Delran Professional Center, 8008 Route
130 North, Bldg. C, Suite 450, Delran. New Jersey 08075.
Defendant Conaway, Jr., is herein being named in his individual,
and/or official capacities, jointly, and severally. Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

83.      Defendant Sean Connors, is a citizen of New Jersey, he
is an Assemblyman and member of the New Jersey State Legislature

(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 3521 Kennedy Blvd., Jersey City, New Jersey 07307.
Defendant Connors, is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

84.    Defendant Craig J. Coughlin, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 569 Rahway Avenue, Woodbridge, New
Jersey 07095.  Defendant Coughlin, is herein being named in
his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

85.    Defendant Albert Coutinho, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 73-75 Ferry Street, Newark, New Jersey
07105.  Defendant Coutinho, is herein being named in his
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

86.    Defendant Joseph Cryan, is a citizen of New Jersey, he
is an Assemblyman and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 985 Stuyvesant Avenue, Union, New Jersey 07083; and/or
65 Jefferson Avenue, Suite B, Elizabeth, New Jersey 07201.
Defendant Cryan, is herein being named in his individual, and/or
official capacities, jointly, and severally.  Plaintiff seeks
declaratory and injunctive relief to remedy the illegal and

unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

87.     Defendant Ronald S. Dancer, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 405 Rt. 539, Cream Ridge, New Jersey 08514; and/or 2110 West Country line Road, Jackson, New Jersey 08527.  Defendant Dancer, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

88.     Defendant Wayne P. DeAngelo, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 4621A Nottingham Way, Hamilton, New

Jersey 08690. Defendant DeAngelo, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

89. Defendant Betty-Lou DeCroce, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1055 Parsippany Blvd., Suite 104, Parsippany, New Jersey 07054. Defendant DeCroce, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

90. Defendant John DiMaio, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment

of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 245 Route 22, Suite 208, Bridgewater, New Jersey
08807; and/or 127 Belvidere Avenue, 2nd Floor, Washington, New
Jersey 07882.  Defendant DiMaio, is herein being named in his
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

91.     Defendant Patrick J. Diegnan, Jr., is a citizen of New
Jersey, he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 908 Oak Tree Avenue, Unit P, South
Plainfield, New Jersey 07080.  Defendant Diegnan, Jr., is herein
being named in his individual, and/or official capacities,
jointly, and severally.  Plaintiff seeks declaratory and
injunctive relief to remedy the illegal and unconstitutional
conditions for which the DOC defendants, NJSPB and NJ Legislature
(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

92.    Defendant Joseph V. Egan, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 100 Bayard Street, New Brunswick,
New Jersey 08901.  Defendant Egan, is herein being named in
his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

93.    Defendant Timothy J. Eustace, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 205 Robin Road, Suite 330, Paramus,
New Jersey 07652; and/or 35 South Washington Avenue, Bergenfield,
New Jersey 07671.  Defendant Eustace, is herein being named
in his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief

to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

94.     Defendant Angel Fuentes, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is Audubon Commons Shopping Center, 130 Blackhorse Pike, 1st Floor, Suite D-3, Audubon, New Jersey 08106; and/or Camden City Hall, 520 Market Street, Suite 104, Camden, New Jersey 08102; and/or Gloucester County Justice Complex Annex, 114 North Broad Street, Woodbury, New Jersey 08096. Defendant Fuentes, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

95.     Defendant Thomas P. Giblin, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording,

Case 2:14-cv-03746-JMV-JBC Document 1 Filed 06/11/14 Page 54 of 105 PageID: 54

and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 1333 Broad Street, Clifton, New Jersey
07013. Defendant Giblin, is herein being named in his
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

96.     Defendant DiAnne C. Grove, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 620 West Lacey Road, Forked River,
New Jersey 08731. Defendant Grove, is herein being named in
her individual, and/or official capacities, jointly, and
severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

97.    Defendant Jerry Green, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 17 Watchung Avenue, Plainfield, New Jersey 07060. Defendant Green, is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

98.    Defendant Louis D. Greenwald, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1101 Laurel Oak Road, Suite 150, Voorhees, New Jersey 08043.  Defendant Greenwald, is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature

(collectively the "Defendants") are responsible and to which
plaintiff is or will be subjected.

99.     Defendant Reed Gusciora, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 226 W. State Street, Trenton, New
Jersey 08608.  Defendant Gusciora, is herein being named in
his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

100.    Defendant Amy H. Handlin, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 280 Route 35, Suite 130, Red Bank,
New Jersey 07701.  Defendant Handlin, is herein being named
in her individual, and/or official capacities, jointly, and

severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

101.  Defendant Mila M. Jasey, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 511 Valley Street, Maplewood, New
Jersey 07040.  Defendant Jasey, is herein being named in her
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

102.  Defendant Angelica M. Jimenez, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections

("DOC"), whose address is 5600 Kennedy Blvd., Suite 104, West New York, New Jersey 07093. Defendant Jiminez, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

103. Defendant Gordon M. Johnson, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 545 Cedar Lane, Teaneck, New Jersey 07666. Defendant Johnson, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

104. Defendant Sean T. Kean, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official

Case 2:14-cv-03746-JMV-JBC Document 1 Filed 06/11/14 Page 59 of 105 PageID: 59

who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 1955 Highway 34, Bldg. 2A, Wall Township, New Jersey
07719.  Defendant Kean, is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.
105.    Defendant Pamela R. Lampitt, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 1101 Laurel Oak Rd., Suite 150,
Voorhees, New Jersey 08043.  Defendant Lampitt, is herein being
named in her individual, and/or official capacities, jointly,
and severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

106.    Defendant Charles Mainor, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 2324 Kennedy Blvd., Jersey City, New Jersey 07304. Defendant Mainor, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

107.    Defendant Gregory P. McGuckin, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 852 Highway 70, Brick, New Jersey 08724. Defendant McGuckin, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC

defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

108.    Defendant Alison Littell McHose, is a citizen of New
Jersey, she is an Assemblywoman and member of the New Jersey
State Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 115 Demarest Rd., Ste. 2B, Sparta,
New Jersey 07871; and/or 227 Route 206, Bldg. 1, Ste. 15,
Flanders, New Jersey 07836.  Defendant McHose, is herein being
named in her individual, and/or official capacities, jointly,
and severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

109.    Defendant John F. McKeon, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 250 Main Street, Madison, New Jersey

07940. Defendant McKeon, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

110.    Defendant Paul D. Moriarty, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 129 Johnson Road, Suite 1, Turnersvile, New Jersey 08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey 08021. Defendant Moriarty, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

111.    Defendant Gabriela M. Mosquera, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State

Case 2:14-cv-03746-JMV-JBC  Document 1  Filed 06/11/14  Page 63 of 105 PageID: 63

government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 129 Johnson Road, Suite 1, Turnersvile, New Jersey 08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey 08021. Defendant Mosquera, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

112.    Defendant Nancy F. Munoz is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 57 Union Place, Suite 310, Summit, New Jersey 07901; and/or 425 North Avenue East, Suite C, Westfield, New Jersey 07090; and/or 251 North Avenue West, 2nd Floor, Westfield, New Jersey 07090. Defendant Munoz, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional

conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

113. Defendant Jason O'Donnell, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 447 Broadway, Bayonne, New Jersey 07002. Defendant O'Donnell, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

114. Defendant Dedan J. O'Scanlon, Jr., is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 32 Monmouth St., 3rd Floor, Red Bank, New Jersey 07701. Defendant O'Scanlon, Jr., is herein being

named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

115. Defendant Shelia Y. Oliver, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 15-33 Halsted Street, Suite 202, East Orange, New Jersey 07018. Defendant Oliver, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

116. Defendant Erik Peterson, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within

the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 178 Center Street, Suite 2B, Clinton, New Jersey 08809. Defendant Peterson, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

117. Defendant Vincent Prieto, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1249 Paterson Plank Rd., Scaucus, New Jersey 07094. Defendant Prieto, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

118. Defendant Annette Quijano, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State

Case 2:14-cv-03746-JMV-JBC Document 1 Filed 06/11/14 Page 67 of 105 PageID: 67

PAGE 67

Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 65 Jefferson Avenue, Suite B,
Elizabeth, New Jersey 07201; and/or 985 Stuyvesant Ave., Union,
New Jersey 07083. Defendant Quijano, is herein being named
in her individual, and/or official capacities, jointly, and
severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

119.    Defendant Ruben J. Ramos, Jr., is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 70 Hudson Street, 7th Floor, Hoboken,
New Jersey 07030. Defendant Ramos, Jr., is herein being named
in his individual, and/or official capacities, jointly, and
severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the

"Defendants") are responsible and to which plaintiff is or will be subjected.

120.   Defendant David P. Rible, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1955 Highway 34, Bldg. 2A, Wall Township, New Jersey 07719.  Defendant Rible, is herein being named in his individual, and/or official capacities, jointly, and severally.  Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

121.   Defendant Celeste M. Riley, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 199 East Broadway, 1st Floor, Suite G, Salem, New Jersey 08079; and/or 935 Kings Highway, Suite 400, West Deptford, New Jersey 08086.  Defendant Riley, is herein

being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

122. Defendant Scott Rudder, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 176 Route 70, Suite 13, Medford, New Jersey 08055. Defendant Rudder, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

123. Defendant Scott T. Rumana, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections

("DOC"), whose address is 155 Route 46 West, Suite 108, Wayne, New Jersey 07470. Defendant Rumana, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

124. Defendant Brian E. Rumpf, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 620 West Lacey Rd., Forked River, New Jersey 08731. Defendant Rumpf, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

125. Defendant David C. Russo, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State

government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 22 Paterson Avenue, Midland Park, New Jersey 07432. Defendant Russo, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

126. Defendant Gary S. Schaer, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1 Howe Avenue, Suite 302, Passaic, New Jersey 07055. Defendant Schaer, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

127.    Defendant Holly Schepisi, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 287 Kinderkamack Rd., Westwood, New
Jersey 07675. Defendant Schepisi, is herein being named in
her individual, and/or official capacities, jointly, and
severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

128.    Defendant Robert Schroeder, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 123 Broadway, 2nd Floor, Woodcliff
Lake, New Jersey 07677. Defendant Schroeder, is herein being
named in his individual, and/or official capacities, jointly,
and severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which

the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

129.    Defendant Donna M. Simon, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 57 Main Street, Flemington, New Jersey 08822. Defendant Simon, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

130.    Defendant Troy Singleton, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 20000 Horizon Way, Suite 190, Mount Laurel, New Jersey 08054. Defendant Singleton, is herein being named in his individual, and/or official capacities, jointly,

and severally. Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

131.    Defendant Parker Space, is a citizen of New Jersey, he
is an Assemblyman and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose
address is 115 Demarest Road, Ste. 2B, Sparta, New Jersey 07871;
and/or 227 Route 206, Bldg. 1, Ste. 15, Flanders, New Jersey
07836.   Defendant Space, is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

132.    Defendant L. Grace Spencer, is a citizen of New Jersey,
she is an Assemblywoman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections

("DOC"), whose address is 223 Hawthorne Avenue, Newark, New Jersey 07112. Defendant Spencer, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

133.   Defendant Linda Stender, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1801 East Second Street, 2nd Floor, Scotch Plains, New Jersey 07076. Defendant Stender, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

134.   Defendant Shavonda E. Sumter, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State

government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 191 Market St., Paterson, New Jersey 07505. Defendant Sumter, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

135. Defendant Cleopatra G. Tucker, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 400 Lyons Ave., Newark, New Jersey 07112. Defendant Tucker, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

Case 2:14-cv-03746-JMV-JBC   Document 1   Filed 06/11/14   Page 77 of 105 PageID: 77

PAGE 77

136.    Defendant Valerie Vainieri Huttle, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 1 Engle Street, Suite 108, Englewood, New Jersey 07631; and/or 545 Cedar Lane, Teaneck, New Jersey 07666.  Defendant Huttle, is herein being named in her individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

137.    Defendant Connie Wagner, is a citizen of New Jersey, she is an Assemblywoman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is 205 Robin Road, Suite 330, Paramus, New Jersey 07652; and/or 35 South Washington Avenue, Bergenfield, New Jersey 07671.  Defendant Wagner, is herein being named in her individual, and/or official capacities, jointly, and

severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which
the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

138.    Defendant Bonnie Watson Coleman, is a citizen of New
Jersey (the "Legislature"), and a New Jersey State government
official who is responsible for the language, wording, and
enactment of penal statutes that effect prisoners within the
facilities of the New Jersey Department of Corrections ("DOC"),
she is an Assemblywoman and member of the New Jersey State
Legislature , whose address is 226 W. State St., Trenton, New
Jersey 08608.  Defendant Coleman, is herein being named in her
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

139.    Defendant Jay Webber, is a citizen of New Jersey, he
is an Assemblyman and member of the New Jersey State Legislature
(the "Legislature"), and a New Jersey State government official
who is responsible for the language, wording, and enactment
of penal statutes that effect prisoners within the facilities
of the New Jersey Department of Corrections ("DOC"), whose

address is 1055 Parsippany Blvd., Suite 104, Parsippany, New Jersey 07054. Defendant Webber, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

140.    Defendant Gilbert L. Wilson, is a citizen of New Jersey, he is an Assemblyman and member of the New Jersey State Legislature (the "Legislature"), and a New Jersey State government official who is responsible for the language, wording, and enactment of penal statutes that effect prisoners within the facilities of the New Jersey Department of Corrections ("DOC"), whose address is Audubon Commons Shopping Center, 130 Blackhorse Pike, 1st Floor, Suite D-3, Audubon, New Jersey 08106; and/or Camden City Hall, 520 Market St., Suite 104, Camden, New Jersey 08102; and/or Gloucester County Justice Complex Annex, 114 North Broad St., Woodbury, New Jersey 08096. Defendant Wilson, is herein being named in his individual, and/or official capacities, jointly, and severally. Plaintiff seeks declaratory and injunctive relief to remedy the illegal and unconstitutional conditions for which the DOC defendants, NJSPB and NJ Legislature (collectively the "Defendants") are responsible and to which plaintiff is or will be subjected.

141.  Defendant Benjie E. Wimberly, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 191 Market St., Paterson, New Jersey
07505.  Defendant Wimberly, is herein being named in his
individual, and/or official capacities, jointly, and severally.
Plaintiff seeks declaratory and injunctive relief to remedy
the illegal and unconstitutional conditions for which the DOC
defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

142.  Defendant John S. Wisniewski, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 132 Main St., Suite A, Sayrevile,
New Jersey 08872.  Defendant Wisniewski, is herein being named
in his individual, and/or official capacities, jointly, and
severally.  Plaintiff seeks declaratory and injunctive relief
to remedy the illegal and unconstitutional conditions for which

the DOC defendants, NJSPB and NJ Legislature (collectively the
"Defendants") are responsible and to which plaintiff is or will
be subjected.

143.    Defendant David W. Wolfe, is a citizen of New Jersey,
he is an Assemblyman and member of the New Jersey State
Legislature (the "Legislature"), and a New Jersey State
government official who is responsible for the language, wording,
and enactment of penal statutes that effect prisoners within
the facilities of the New Jersey Department of Corrections
("DOC"), whose address is 852 Highway 70, Brick, New Jersey
08724.  Defendant Wolfe, is herein being named in his individual,
and/or official capacities, jointly, and severally.  Plaintiff
seeks declaratory and injunctive relief to remedy the illegal
and unconstitutional conditions for which the DOC defendants,
NJSPB and NJ Legislature (collectively the "Defendants") are
responsible and to which plaintiff is or will be subjected.

## JURISDICTION

144.    Plaintiff asserts paragraphs 1 through 143 as if set
forth in full herein.

145.    Jurisdiction is asserted pursuant to 28 U.S.C. § 1983;
28 U.S.C. 1331; the Civil Rights Act of 1871 (42 U.S.C.S. §
1983); Civil Rights of Institutionalized Persons Act, 42 U.S.C.S.
§§ 1997-1997j; and, the Fifth, Sixth, Eighth, and Fourteenth
Amendments of the Constitution of the United States.

Case 2:14-cv-03746-JMV-JBC  Document 1  Filed 06/11/14  Page 82 of 105 PageID: 82

**STATEMENT OF CLAIMS**

**FIRST COUNT**

**UNCONSTITUTIONALITY OF N.J.S.A. 2C:11-3(b),
IN VIOLATION OF THE FIFTH, SIXTH, AND
FOURTEENTH AMENDMENTS OF THE CONSTITUTION
OF THE UNITED STATES**

146.    Plaintiff asserts paragraphs 1 through 145 as if set
forth in full herein.

147.    Plaintiff does not seek an immediate or speedier release.

148.    Plaintiff asserts that favorable judgment would not
necessarily imply the invalidity of his convictions or sentences.

149.    Plaintiff was sentenced on September 30, 1993, to a term
of life imprisonment with a thirty (30) year period of parole
ineligibility.

150.    Plaintiff claims that his sentence was not authorized
by the code and is therefore illegal.

151.    Plaintiff claims that his sentence was not authorized
by the code and/or violates the Fifth, Sixth, and Fourteenth
Amendments of the Constitution of the United States.

152.    Plaintiff claims that defendants' had a duty and
obligation to grant him relief for regardless whether a sentence
is illegal because it exceeds the statutory maximum penalty
authorized for such offense or because it was not imposed in
accordance with law, action was warranted.

153. Plaintiff claims that defendants' had a duty and obligation to grant him relief for his sentence violates the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, Due Process and the Ex Post Facto Clause; and the Federal Constitution.

154. Plaintiff claims that at the time of sentencing in the instant case, the code N.J.S.A. 2C:11-3(b) specified that he be sentenced to "a specific term of years which shall be between 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole."

155. Plaintiff was not sentenced to a term between 30 years and life.

156. Plaintiff claims that as a matter of due process, penal statutes under our law must be strictly construed.

157. Plaintiff claims that if there is any ambiguity, it must be read in favor of plaintiff.

158. Plaintiff claims that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly and that N.J.S.A. 2C:11-3(b) is vague as a direct or proximate result of defendants' actions omissions, or inactions.

159. Plaintiff claims that if arbitrary and discriminatory enforcement by defendants is to be prevented, laws must provide explicit standards for those who apply them.

160.   Plaintiff claims that penal laws cannot be extended by implication of intentment.

161.   Plaintiff claims that where one or more reasonable interpretation may be made, the construction must be drawn against the state.

162.   Plaintiff claims that where the language is ambiguous, the construction must be drawn against the state.

163.   Plaintiff claims that defendants actions and/or inactions violate the doctrine of lenity, a corollary to the doctrine of strict construction, which dictates that when ambiguities cannot be resolved by either the statute's text or extrinsic aids, that a criminal statute must be interpreted in favor of the defendant.

164.   Plaintiff claims that ambiguity of the statute has caused New Jersey State prosecutors to advocate for the indication of a "specific term" on the "top" number which the above named defendants had the power and authority to authorize, and/or implement, and/or enact.

165.   On November 1, 2013, plaintiff contacted Bonnie Watson Coleman, Assemblywoman, taking all due diligent effort to obtain relief prior to filing, by contacting Assemblywoman via U.S. First Class Mail, postage pre-paid, and by United States Postal Service Certified Mail, RRR, Article Number 7007 3020 0002 2289 3258.

166.   On November 1, 2013, plaintiff contacted Thomas H. Kean, Jr., United States Senator, taking all due diligent effort to

obtain relief prior to filing, by contacting  Senator Kean via
U.S. First Class Mail, postage pre-paid, and by United States
Postal Service Certified Mail, RRR, Article Number 7007 3020
0002 2289 3265.

167.   On November 1, 2013, plaintiff contacted Samuel J.
Plumeri, Jr., New Jersey Parole Board Vice-Chairman, taking
all due diligent effort to obtain relief prior to filing, by
contacting Vice-Chairman Plumeri, via U.S. First Class Mail,
postage pre-paid, and by United States Postal Service Certified
Mail, RRR, Article Number 7007 3020 0002 2289 3241.

168.   On November 1, 2013, plaintiff contacted James T. Plosis,
New Jersey Parole Board Chairman, taking all due diligent effort
to obtain relief prior to filing, by contacting Chairman Plosis,
via U.S. First Class Mail, postage pre-paid, and by United States
Postal Service Certified Mail, RRR, Article Number 7007 3020
0002 2289 3272.

169.   On November 1, 2013, plaintiff contacted Gary M. Lanigan,
Commissioner for the New Jersey Department of Corrections, taking
all due diligent effort to obtain relief prior to filing, by
contacting Commissioner Lanigan, via U.S. First Class Mail,
postage pre-paid, and by United States Postal Service Certified
Mail, RRR, Article Number 7004 2510 0005 3046 6803.

170.   Plaintiff claims that it is undisputed that according
to the New Jersey Attorney General's Determination, based on
the Parole Book, that a life sentence was equal to seventy-five
(75) years.

171.    On June 16, 2013, plaintiff submitted an Inmate Remedy
System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which
states in pertinent part, "I would like to know what is the
maximum on a Life Sentence? Or, should I say the maximum on
my sentence? If this Department cannot answer this question,
please send me the information of the agency responsible. Thank
you!"

172.    On June 18, 2013, plaintiff's Inmate Remedy System Form,
dated June 16, 2013, was forwarded to Classification for response
and assigned Case Number 13-6-178.

173.    On June 21, 2013, Associate Administrator Sherry Yates
issued a response to plaintiff's Inmate Remedy Systems Form,
dated June 16, 2013, indicating in pertinent part, "You have
no maximum on a life sentence. If and when you[']r[e] eligible
for parole, you'll be on parole for life."

174.    On July 2, 2013, plaintiff submitted an Inmate Remedy
System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which
addressed the issue of determining what numerical value is
assigned to a Life sentence.

175.    On or around July 5, 2013, plaintiff's Inmate Remedy
System Form, dated July 2, 2013, was forwarded to the parole
department, for response and assigned Case Number: 13-7-124.

176.    On July 8, 2013, Associate Administrator Sherry Yates
issued a response to plaintiff's Inmate Remedy Systems Form,
dated July 2, 2013, indicating in pertinent part, "Unfortunately,
(1) there is no numerical value on Life; Life means Life..."

177.   On October 21, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which states in pertinent part, "Mrs. Beverly Hastings, E.J.S.P. Administrator - My "Life" sentence was not authorized by Statute N.J.S.A. 2C:11-3(b) for my sentence is not "...between 30 years and life imprisonment..." Please refer for correction."

178.   On or around October 22, 2013, plaintiff's Inmate Remedy System Form, dated October 21, 2013, was referred to Classification for response and assigned Case Number: 13-10-252.

179.   On or around October 25, 2013, plaintiff's Inmate Remedy Systems Form, dated October 21, 2013, was responded to by Associate Administrator Sherry Yates, which states in pertinent part, "you were sentenced to Life with a mandatory minimum of 30 years.  If you feel this is marred you must contact your sentencing judge.  If you have any other concerns please be clear about your question."

180.   On October 29, 2013, plaintiff submitted an Appeal of Inmate Remedy Systems Form, dated October 21, 2013, which states in pertinent part, "Please refer to classification in Trenton to follow Parole Book determination that "Life" is equal to seventy-five (75) years for parole.  Thanks!"

181.   On or around October 31, 2013, plaintiff received a response to his Administrative Appeal of Inmate Remedy Systems Form, dated October 21, 2013, from Administrator Beverly Hastings, which states in pertinent part, "You can send your appeal to Trenton."

Case 2:14-cv-03746-JMV-JBC  Document 1  Filed 06/11/14  Page 88 of 105 PageID: 88

182.    On or around November 1, 2013, plaintiff sent his appeal to defendant Commissioner Gary M. Lanigan for response.

183.    On November 15, 2013, plaintiff received a response from defendant Commissioner Gary M. Lanigan, from his correspondence and forwarded Appeal referenced in par. 180 above, which states in pertinent part, "In reference to your request that your life sentence be deemed equal to 75 years; the Department of Corrections (DOC) cannot change your term.  I believe you may be referring to the use of the term of 75 years in calculating 85 percent of a life sentence for No Early Release Act (NERA) terms.  If you have concerns as to how your parole eligibility date is being calculated, you should write to the State Parole Board."

184.    On November 19, 2013, plaintiff received a response from Jennifer Watkins, Senior Parole Counselor, indicating in pertinent part, "You are misquoting what the statute implies."

185.    Plaintiff received a response from defendant Samuel J. Plumeri, Jr., which states in pertinent part, "Previously answered inquiry on July 8, 2013 - case/log November 19, 2013.

186.    Plaintiff claims that statutes must say what they mean and mean what they say and hence are not open to interpretation or implication.

187.    Plaintiff claims that according to his knowledge and belief there are no ongoing state proceedings relative to this matter to which plaintiff is a named party.

188.    Wherefore, for the foregoing reasons plaintiff is entitled
to the relief sought.


## SECOND COUNT

**PLAINTIFF'S SENTENCE IS IN VIOLATION OF THE
UNITED STATES CONSTITUTION DUE TO DISPARATE
TREATMENT FOR CERTAIN CLASSES OF PRISONERS**

189.    Plaintiff asserts paragraphs 1 through 188 as if set
forth in full herein.

190.    Plaintiff does not seek an immediate or speedier release
into the community nor a judicial determination that necessarily
implies the unlawfulness of the state's custody.

191.    Plaintiff claims that defendants' actions and/or inactions
violate rights guaranteed by the Fifth, Sixth and Fourteenth
Amendments, specifically Due Process, Equal Protection and ex
post facto clauses.

192.    Defendants, by treating plaintiff differently from others
serving life sentences for murder, has created separate
categories in violation of the constitutional guarantee to equal
protection under the law.

193.    Plaintiff herein challenges statute N.J.S.A. 2C:11-3(b)
as interpreted or applied.

194.    On November 1, 2013, plaintiff wrote defendants directly
concerning this issue and mailed correspondence via certified
mail, Return Receipt.

195.    On June 16, 2013, plaintiff submitted an Inmate Remedy
System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which
states in pertinent part, "I would like to know what is the
maximum on a Life Sentence? Or, should I say the maximum on
my sentence? If this Department cannot answer this question,
please send me the information of the agency responsible. Thank
you!" Response indicates in pertinent part, "You have no maximum
on a life sentence."

196.    On July 2, 2013, plaintiff submitted an Inmate Remedy
System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which
addressed the issue of determining what numerical value is
assigned to a Life sentence. Response indicates, in pertinent
part, "Unfortunately, (1) there is no numerical value on Life;
Life means Life..."

197.    On October 21, 2013, plaintiff submitted an Inmate Remedy
System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which
states in pertinent part, "Mrs. Beverly Hastings, E.J.S.P.
Administrator - My "Life" sentence was not authorized by Statute
N.J.S.A. 2C:11-3(b) for my sentence is not "...between 30 years
and life imprisonment..." Please refer for correction." Response
indicates in pertinent part, "you were sentenced to Life with
a mandatory minimum of 30 years." Administrative Appeal was
taken.

198.    On November 15, 2013, plaintiff received a response from
defendant Commissioner Gary M. Lanigan, from his correspondence

and forwarded Appeal referenced in par. 180 and par. 196 above, which states in pertinent part, "In reference to your request that your life sentence be deemed equal to 75 years; the Department of Corrections (DOC) cannot change your term. I believe you may be referring to the use of the term of 75 years in calculating 85 percent of a life sentence for No Early Release Act (NERA) terms. If you have concerns as to how your parole eligibility date is being calculated, you should write to the State Parole Board."

199. On November 19, 2013, plaintiff received a response from Jennifer Watkins, Senior Parole Counselor, indicating in pertinent part, "You are misquoting what the statute implies."

200. Plaintiff received a response from defendant Samuel J. Plumeri, Jr., which states in pertinent part, "Previously answered inquiry on July 8, 2013 - case/log November 19, 2013.

201. On July 9, 2011, Inmate Khalif James, SBI NO. 149388C, a prisoner similarly situated, submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, indicating in pertinent part, "I would like to know what is the maximum on a life sentence?"

202. Inmate James' IRSF dated July 9, 2011, received Case Number: 11-07-264.

203. On or around July 22, 2011, Inmate James' IRSF dated July 9, 2011, received a response which indicates in pertinent part, "In answering your question 75 years is considered Life."

204.   Plaintiff claims that Inmate James is one of numerous
prisoners similarly situated who have received varied
interpretations of the meaning of the penal statute.

205.   What is of further concern is that prosecutors referred
to other "murder" sentences where their understanding of a
sentence pursuant to the statute was imposed.

206.   Plaintiff claims that according to his knowledge and
belief there are no ongoing state proceedings relative to this
matter to which plaintiff is a named party.

207.   Wherefore, for the foregoing reasons plaintiff is entitled
to the relief sought.


### COUNT THREE

**DEFENDANTS FAILED TO MEET THEIR STATUTORY
AND CONSTITUTIONAL DUTY TO APPLY WORK AND/OR
MINIMUM CREDITS AND/OR COMMUTATION TIME
TO PLAINTIFF'S SENTENCE**

208.   Plaintiff asserts paragraphs 1 through 207 as if set
forth in full herein.

209.   Plaintiff does not seek an immediate or speedier release
into the community nor a judicial determination that necessarily
implies the unlawfulness of the state's custody.

210.   Plaintiff claims that defendants' actions and/or inactions
violate rights guaranteed by the Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States.

211.    Plaintiff further claims that defendants actions and/or inactions  violate N.J.S.A. 30:4-123.51(b), which expressly states in pertinent part, "Each adult inmate sentenced to a term of life imprisonment shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or 25 years where no mandatory minimum term has been imposed less commutation time for good behavior and credits for diligent  application to work and other institutional assignments."

212.    Plaintiff is an inmate and inmates of all correctional and charitable, hospital, relief and training institutions within the jurisdiction of the State Board shall be employed in such productive occupations as are consistent with their health, strength and mental capacity and shall receive such compensation therefor as the State Board Shall determine.

213.    Plaintiff claims that compensation for inmates of correctional institutions may be in the form of cash or remission of time from sentence or both.

214.    Plaintiff claims that defendants' actions and/or inactions in failing to issue a guarantee of performance for "Work Credits," violate N.J.S.A. 30:4-92.

215.    Plaintiff claims that defendants' actions and/or inactions in failing to issue a guarantee of performance for "Minimum Credits," violate N.J.S.A. 30:4-92.

216. On June 16, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, concerning this issue. Staff response indicates in pertinent part, "You have no maximum on a life sentence."

217. On July 2, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which addressed the issue of determining what numerical value is assigned to a Life sentence. Response indicates, in pertinent part, "Unfortunately, (1) there is no numerical value on Life; Life means Life..."

218. On August 25, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, for an Itemized Calculation of his Work and Minimum Credits.

219. Petitioner has been actively employed by the State of New Jersey, New Jersey Department of Corrections, continuously from November 9, 1993, to the present.

220. Petitioner was assigned "Gang Minimum Status" on or around February 27, 2009.

221. Petitioner maintains "Gang Minimum Status," and as such earns Work Credits at the following rate: for months with 30 days 6 credits; for months with 31 days 6.2 credits.

222. To date petitioner has accumulated in excess of one-thousand one-hundred and eight point six days Work Credits (1,108.6).

223. Minimum Credits are earned at the rate of three (3) days per month during the first year that an inmate is classified into minimum custody, and at a rate of five (5) days per month after the first year of minimum custody status pursuant to N.J.S.A. 30:4-92.

224. To date petitioner has accumulated in excess of two-hundred and seventy-one days (271) Minimum Credits.

225. Both Work Credits and Minimum Credits are earned credits, as distinct from those which are awarded pursuant to N.J.S.A. 30:4-140.

226. Commutation Credit or "good time" is credit awarded to an inmate pursuant to N.J.S.A. 30:4-140. It is not an earned credit but is a credit automatically applied in computation of a parole eligibility date. Commutation credit awarded in the calculation of parole eligibility is based on the balance of one-third (1/3) of the term imposed less jail credit.

227. Despite plaintiff's repeated requests for Commutation Credit, to date defendants have failed to award him these credits pursuant to the statute.

228. On October 14, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, which states in pertinent part, "N.J.S. 30:4-123.51(b) states "Each adult inmate sentenced to a term of life imprisonment shall become eligible for parole after having served any judicial or statutory mandatory minimum term, or 25 years where no

mandatory minimum term has been imposed less commutation time for good behavior..." I have NOT been awarded Commutation Time - I formally request to be awarded Commutation Time and to have it applied in remission of my sentence."

229.  On October 17, 2013, plaintiff's Inmate Remedy System Form dated October 14, 2013, was forwarded to Classification for response and assigned Case Number: 13-10-135.

230.  On October 21, 2013, plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, addressing this issue. Response indicates in pertinent part, "you were sentenced to Life with a mandatory minimum of 30 years."  Administrative Appeal was taken.

231.  On or around October 22, 2013, Associate Administrator Sherry Yates issued a Staff Response to plaintiff's IRSF dated October 14, 2013, which indicates in pertinent part, "Commutation time is not applied to your sentence.  It is only applied to your parole eligibility."

232.  On November 1, 2013, plaintiff wrote defendants directly concerning this issue and mailed correspondence via certified mail, Return Receipt.

233.  On November 15, 2013, plaintiff received a response from defendant Commissioner Gary M. Lanigan, from his correspondence and forwarded Appeal referenced in par. 180, 196, and 230 above, which states in pertinent part, "Commutation time is not awarded on a Life sentence.  Life literally means that your sentence will expire at the end of your life."

234.    On November 19, 2013, plaintiff received a response from
Jennifer Watkins, Senior Parole Counselor, on behalf of defendant
Lanigan, indicating in pertinent part, "I received your letter
dated 11/1/13 regarding your concerns of commutation time being
applied to LIFE sentences.  An explanation of how commutation
time works with regard to your life sentence was answered on
7/8/13 thru remedy case #13-7-124.  Again, you are unable to
earn any commutation time off your PED until you have satisfied
you're [sic.] MANDATORY/MINIMUM of 30 years, which will commence
upon your actual PED of 03-27-2025.  Only if you have a parole
denial at the expiration of your M/M and/or PED 3/27/2025 can
your PED/FET be subject to commutation credits. You are
misquoting what the statute implies."

235.    Plaintiff claims that as the statute dictates Commutation
Credits are awarded and not earned as this defendant states.

236.    Plaintiff claims that the statute is not open to
implication as this defendant states.

237.    Plaintiff asks that defendants follow the Attorney General
determination that Life sentence is equal to seventy-five (75)
years for purposes of parole eligibility and so apply Commutation
Credits, and/or Work Credits, and/or Minimum Credits, to
plaintiff's sentence.

238.    Plaintiff claims that defendants acts or omissions have
violated the statutory and constitutional obligation they hold
to plaintiff concerning Work Credits and Minimum Credits, which

are earned and not awarded, and for which plaintiff receives no consideration.

239. Plaintiff claims that according to his knowledge and belief there are no ongoing state proceedings relative to this matter to which plaintiff is a named party.

240. Wherefore, for the foregoing reasons plaintiff is entitled to the relief sought.


## COUNT FOUR

### DEFENDANTS ARE IN BREACH OF CONTRACT FOR FAILURE TO APPLY WORK AND/OR MINIMUM CREDITS TO PLAINTIFF'S SENTENCE

241. Plaintiff asserts paragraphs 1 through 240 as if set forth in full herein.

242. Plaintiff does not seek an immediate or speedier release into the community nor a judicial determination that necessarily implies the unlawfulness of the state's custody.

243. Plaintiff claims that defendants' actions and/or inactions violate rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

244. Plaintiff further claims that defendants actions and/or inactions violate N.J.S.A. 30:4-123.51(b), which expressly states in pertinent part, that he is eligible for parole "less commutation time for good behavior and credits for diligent application to work and other institutional assignments."

245.    Plaintiff claims that compensation for inmates of
correctional institutions for Work and/or Minimum Credits may
remit his sentence.

246.    Plaintiff claims that defendants' actions and/or inactions
in failing to issue a guarantee of performance for "Work
Credits," violate N.J.S.A. 30:4-92, and constitute a breach
of contract.

247.    Plaintiff claims that defendants' actions and/or inactions
in failing to issue a guarantee of performance for "Minimum
Credits," violate N.J.S.A. 30:4-92, and are in breach of
contract.

248.    Plaintiff has met the exhaustion requirement for on June
16, 2013, plaintiff submitted an Inmate Remedy System Form,
Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4, (IRSF) concerning
this issue; on July 2, 2013, plaintiff submitted an IRSF; on
August 25, 2013, plaintiff submitted an IRSF, for an Itemized
Calculation of his Work and Minimum Credits.

249.    Petitioner has been actively employed by the State of
New Jersey, New Jersey Department of Corrections, continuously
from November 9, 1993, to the present, and works for pay and
Work Credits.

250.    Petitioner was assigned "Gang Minimum Status" on or around
February 27, 2009, and has given up certain rights and privileges
(such as single-cell housing) in exchange for status.

251.    Petitioner was assigned "Gang Minimum Status" on or around
February 27, 2009, and has accrued certain obligations, duties
and responsibilities in exchange for status.

252.    Both Work Credits and Minimum Credits are earned credits,
as distinct from those which are awarded pursuant to N.J.S.A.
30:4-140; petitioner is engaged in a statutory and contractual
relationship with defendants.

253.    On November 1, 2013, plaintiff wrote defendants directly
concerning this issue and mailed correspondence via certified
mail, Return Receipt but no action was taken.

254.    Plaintiff avers that defendants are in breach of contract
by failing to follow the Attorney General determination that
a Life sentence is equal to seventy-five (75) years for purposes
of parole eligibility and so apply Work Credits, and/or Minimum
Credits, to his sentence.

255.    Plaintiff claims that defendants acts or omissions have
breached the statutory, contractual, and constitutional
obligation(s) they hold to plaintiff concerning Work Credits
and Minimum Credits, which are earned and not awarded, and for
which plaintiff receives no consideration.

256.    Plaintiff claims that defendants acts or omissions have
breached the statutory, contractual, and constitutional
obligation(s) they hold to plaintiff concerning Work Credits
and Minimum Credits, which are earned and not awarded, and for
which plaintiff receives no consideration, in violation of
N.J.S.A. 52: 14B-8 of the Administrative Procedures Act.

257.    Plaintiff claims that defendants acts or omissions breach
the APA by engaging in rule making that asserts that earned
work and minimum credits will only be awarded if plaintiff
receives a parole denial at the expiration of his mandatory
minimum term.

258.    Plaintiff claims that defendants acts or omissions have
breached the statutory, contractual, and constitutional
obligation(s) they hold to plaintiff concerning Work Credits,
which are earned and not awarded, and for which plaintiff
accumulates and for which he receives no consideration, in
violation of the Fair Labor Standards Act (FLSA).

259.    Plaintiff claims that defendants acts or omissions have
breached the statutory, contractual, and constitutional
obligation(s) they hold to plaintiff concerning Work Credits,
which are earned and not awarded, and for which plaintiff
accumulates and for which he receives no consideration, in
violation of the provisions of the Rehabilitation Act.

260.    Plaintiff claims that defendants acts or omissions have
breached the statutory, contractual, and constitutional
obligation(s) they hold to plaintiff concerning Work Credits,
which are earned and not awarded, and for which plaintiff
accumulates and for which he receives no consideration, and
are practices deemed discriminatory in breach of 29 U.S.C,
§794(b).

261.   Plaintiff claims that according to his knowledge and belief there are no ongoing state proceedings relative to this matter to which plaintiff is a named party.

262.   Wherefore, for the foregoing reasons plaintiff is entitled to the relief sought.

### COUNT FIVE

**DEFENDANTS' REFUSAL TO CORRECT THE CONSTITUTIONAL ERRORS OF PLAINTIFF'S SENTENCE CONSTITUTES A VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT**

263.   Plaintiff asserts paragraphs 1 through 262 as if set forth in full herein.

264.   Plaintiff does not seek an immediate or speedier release into the community nor a judicial determination that necessarily implies the unlawfulness of the state's custody.

265.   Plaintiff claims that defendants' actions and/or omissions violate rights guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

266.   Plaintiff's sentence is unconstitutional for it violates the language of N.J.S.A. 2C:11-3(b).

267.   Plaintiff's life and liberty are at stake in this matter and so claims that defendants' actions and/or omissions constitute cruel and unusual punishment.

268. Plaintiff claims that defendants actions and/or omissions constitute deliberate indifference to the health, safety, and welfare of this prisoner.

269. Plaintiff claims that defendants' had a duty and obligation to grant him relief for his sentence violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, Due Process and the Ex Post Facto Clause; and the Federal Constitution; and was therefore malicious and harmful.

270. Plaintiff claims that defendants violated due process by refusing to strictly construe the penal statute.

271. Plaintiff claims that if arbitrary and discriminatory enforcement by defendants is to continue, declaratory relief must provide explicit standards for those who apply or enforce laws.

272. Plaintiff claims that penal laws cannot be extended by implication of intentment and defendants doing so violates his Eighth Amendment right to be free from cruel and unusual punishment.

273. Plaintiff has met the exhaustion requirement via correspondence to individual defendants; submission of Inmate Remedy System Form(s), Form: IRSF 101, pursuant to N.J.A.C. 10A:1-4; Administrative Appeal, and individual correspondence to the above named defendants.

274.    Plaintiff need not prove that any of the defendants
intended harm; or that they actually believed that such harm
would occur, but merely that they actually knew of a substantial
risk of harm and did not act.

275.    Plaintiff does not seek injunctive relief, which would
imply immediate or speedier release.

276.    Plaintiff asserts that his Eighth Amendment constitutional
claim presents a procedural challenge to parole proceedings
where success would not necessarily spell immediate or speedier
release for this prisoner.

277.    Plaintiff seeks relief that will render invalid the state
procedures used to deny parole eligibility and/or parole
suitability based on a statutory defect.

278.    Plaintiff claims that according to his knowledge and
belief there are no ongoing state proceedings relative to this
matter to which plaintiff is a named party.

279.    Wherefore, for the foregoing reasons plaintiff is entitled
to the relief sought.


                              **RELIEF**

280.    Plaintiff seeks declaratory judgment that his Life
sentence  was not authorized by Code N.J.S.A. 2C:11-3(b);
declaratory judgment that statute N.J.S.A. 2C:11-3(b) is deemed
unconstitutional; declaratory judgment that defendants follow
the Attorney General of New Jersey determination that a "Life"
sentence is equal to seventy-five (75) years for purposes of

parole eligibility; declaratory judgment that earned Work Credits and/or Minimum Credits remit his sentence pursuant to N.J.S.A. 30:4-92; declaratory judgment that Commutation Credit be applied to reduce his Life sentence pursuant to N.J.S.A. 30:4-123.51(b) and N.J.S.A. 30:4-140;  and plaintiff seeks punitive and compensatory damages from each of the above named defendants, in his or her personal capacity, for violation(s) of plaintiff's rights listed in paragraphs 1 through 280.

### JURY DEMAND

For good cause and for the reasons set forth above, plaintiff demands a jury trial.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at:  East Jersey State Prison
              1100 Woodbridge Road
              Rahway, New Jersey 07065-5517 on June 11, 2014.

Respectfully submitted by,

Kenneth Wilson, Pro Se
Prisoner's Original Signature