NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
**KENNETH WILSON,**           :
                              :
       **Plaintiff,**      :     Civil Action No. 14-3746 (JMV)
                              :
       **v.**             :     OPINION
                              :
**COMMISSIONER GARY M.**      :
    **LANIGAN, et al.,**     :
                              :
       **Defendants.**    :
_____:

**VAZQUEZ, DISTRICT JUDGE**

Presently before the Court is the Complaint of Plaintiff, Kenneth Wilson. (ECF No. 1). Also before the Court are Plaintiff's application for pro bono counsel and his motion for relaxation of Rules 5 and 5(b) of the Federal Rules of Civil Procedure (Documents 4 and 9 attached to ECF No. 1). Because this Court has granted Plaintiff *in forma pauperis* status (ECF No. 4), and because Plaintiff is a convicted state prisoner seeking relief from the employees of government entities, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant is immune. For the reasons set forth below, this Court will DISMISS Plaintiff's complaint and will deny his application for pro bono counsel and motion to relax rule 5 as moot.

## I. BACKGROUND

Plaintiff, Kenneth Wilson, is a convicted state prisoner currently serving a life sentence for murder. (Compl. 82, ECF No. 1). Following his conviction, he was sentenced on September 30, 1993, to a term of life imprisonment with a thirty year period of parole eligibility pursuant to New Jersey's murder statute, N.J. STAT. ANN. § 2C:11-3(b). (*Id.*) Plaintiff alleges that, during his incarceration, he has continually worked at the prison and been assigned to minimum security status, and as such has earned a certain number of work and minimum time credits which he believes should be applied to his sentence. (Compl. at 93-97). Plaintiff likewise alleges that he is entitled to a certain number of good time credits which he believes should be applied to reduce his court ordered thirty year period of parole ineligibility. (*Id.* at 95-97).

In his Complaint, Plaintiff details several attempts he has made to administratively alter his current sentence by contacting various prison officials. On multiple occasions, Plaintiff filled out administrative remedy forms seeking clarification on the maximum term for his life sentence. (*Id.* at 90-91). Plaintiff alleges he received the following responses: "[y]ou have no maximum on a life sentence," "[u]nfortunately, . . . there is no numerical value on life; life means life," "you were sentenced to Life with a mandatory minimum of 30 years. If you feel this is marred [sic] you must contact your sentencing judge," et cetera. (*Id.* at 87, 90-91). Plaintiff has also, on occasion, attempted to argue that his life sentence should be deemed a 75 year term pursuant to information in a Department of Corrections handbook dealing with parole issues. (*Id.* at 91). In response to these arguments, the Department has clarified as follows: "[i]n reference to your request that your life sentence be deemed equal to 75 years; the Department of Corrections (DOC) cannot change your term. I believe you may be referring to the use of the term of 75 years in calculating 85 percent of a life sentence for No Early Release Act (NERA) terms. If you have concerns as to

how your parole eligibility date is being calculated, you should write to the State Parole Board."

(*Id.*).

Plaintiff now seeks to challenge his life sentence pursuant to 42 U.S.C. § 1983. Although Plaintiff states that he seeks neither a speedier nor immediate release, the relief he seeks is as follows:

> Plaintiff seeks declaratory judgment that his life sentence was not authorized by [N.J. Stat. Ann. § 2C:11-3(b)]; declaratory judgment that [§ 2C:11-3(b)] is deemed unconstitutional; declaratory judgment that defendants follow the Attorney General of New Jersey determination that a "Life" sentence is equal to seventy-five (75) years for purposes of parole eligibility; declaratory judgment that earned Work Credits and/or Minimum Credits remit [sic] his sentence[;] declaratory judgment that Commutation Credit be applied to reduce his Life sentence . . .; and plaintiff seeks punitive and compensatory damages from each of the named defendants . . .

(*Id.* at 104-05). The Defendants from which Plaintiff seeks this relief include the Commissioner of the New Jersey DOC, all of the members of the state legislature, the various members of the state parole board, and various other New Jersey officials. (*Id.* at 1-81).

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

Plaintiff raises several federal claims in which he seeks to challenge his life sentence pursuant to 42 U.S.C. § 1983. "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, Plaintiff attempts to allege that his life sentence, including both its non-numerical duration and the inapplicability of various credits which would otherwise reduce either his sentence or period of parole ineligibility, violates his Fourteenth Amendment Due Process and Equal Protection rights, as well as his right to be free from Cruel and Unusual Punishment pursuant to the Eighth Amendment.

Plaintiff is not the first to attempt to raise these issues in this Court. Several life prisoners have attempted to raise similar, if not identical, claims in this District. *See e.g., Brown v. Christie*, No. 10-1572, 2010 WL 5149341 (D.N.J. Dec. 13, 2010), *affirmed*, 432 F. App'x 45 (3d Cir. 2011); *see also Kates v. Christie*, No. 14-5769, 2015 WL 1808520 (D.N.J. Apr. 17, 2015); *Kates v. Christie*, No. 14-5769, 2015 WL 4086575 (D.N.J. July 6, 2015) (denying reconsideration). As with the claims raised in *Brown* and *Kates*, Plaintiff's § 1983 claims

5

challenging his sentence and the denial of various sentence credits based thereon are barred by the doctrines announced in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck v. Humphries*, 512 U.S. 477, 489-90 (1994).   As explained in *Kates*,

> Under *Preiser*, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   [*Brown*], 2010 WL 5149341 [at *3].   Under *Heck*, the habeas bar is extended to those cases where a plaintiff seeks money damages "attributable to an unconstitutional conviction or sentence," and as such any . . .   claim [seeking damages on such a basis] "does not accrue until the conviction or sentence has been invalidated."   *Id.* at *4 (quoting *Heck*, 512 U.S. at 489–90).   Thus, a prisoner may not use § 1983 to challenge "the fact or duration of his confinement."   *Wilkinson v. Dotson*, [544 U.S. 74, 78] (2005).   Under this doctrine, any claim which necessarily would result in the shortening of a sentence if successful, including by requiring the application of time credits, lies "at the core of habeas corpus" and is thus not cognizable under § 1983.   *Id.* at 79.   Prisoners may therefore not use § 1983 "to obtain the restoration of [good time or similar] credits."   *Id.*   Although [prisoners] may bring claims which attack only the procedures used to make a determination without attacking the determination itself, such as by attacking the procedures used to make parole determinations, *Id.* at 80–82, if a plaintiff's success "would necessarily demonstrate the invalidity of [his] confinement or its duration," that action is barred "no matter the relief sought[, and] no matter the target of the prisoner's suit."   *Id.* at 81–82.

*Kates*, 2015 WL 4086575 at *2.

In *Brown*, the Plaintiff sought to have this Court force the state to apply commutation credits to his life sentence and to effectively commute his life sentence to a specific term of seventy-five years.   2010 WL 5149341 at *1.   At screening, Judge Cooper dismissed Plaintiff's complaint under *Preiser* and *Heck* because what Plaintiff truly sought was the application of commutation credits to his sentence, the reduction of his sentence to seventy-five years, or a

declaration that his sentence itself was unlawful.  *Id.* at *3-4.  Brown appealed, and the Third Circuit affirmed:

> [t]here is no basis to challenge the District Court's ruling. [The plaintiff's] allegations are not entirely clear, but what is clear is that he has not raised any challenge to the legality of any procedure or its application that might arguably be cognizable under § 1983.  *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005) (addressing challenge to state parole procedures).  Instead, his apparent challenges relate solely to the "'the fact or duration of his confinement.'"  *Id.* at 78, 125 S. Ct. 1242 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)).  Thus, they "lie 'within the core of habeas corpus' " and must be raised in a habeas petition.  *Id.* at 79, 125 S. Ct. 1242 (quoting *Preiser*, 411 U.S. at 487, 93 S. Ct. 1827).  In [the plaintiff's] case, his status as a state prisoner means that he must raise his challenges in a habeas petition under 28 U.S.C. § 2254.  *See Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir.2001).
>
> On appeal, [the plaintiff] insists that he is not seeking credits per se, but . . . [e]ntitlement to credits . . . appears to be the only conceivable benefit he might receive.  He also continues to argue that his sentence is illegal under New Jersey law and that New Jersey courts "will not comply" with New Jersey law.  These are habeas claims. . . . If he wants to raise [these claims] in federal court, he must do so by means of a habeas petition[.]

*Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011).

The claims Plaintiff raises here are not meaningfully distinguishable from those dismissed in *Brown*.  Here, as in *Brown*, Plaintiff asserts that he is not seeking an immediate or speedier release, but the relief he seeks makes abundantly clear that this is exactly his goal.  Plaintiff directly states in his Complaint that he seeks to have his sentence held to be either illegal or unconstitutional, have his sentence reduced to a seventy-five year term rather than an interminable life term, and to have various work, commutation, and minimum status credits

7

applied to his sentence and his thirty year period of parole ineligibility. The only non-monetary benefit Plaintiff could possibly receive from this suit, as in *Brown*, is the reduction of his sentence either through a finding that his life sentence is illegal or through the receiving of the sentence credits to which Plaintiff asserts that he is entitled. All of Plaintiff's claims for prospective relief therefore seek exactly those benefits which are unavailable under § 1983: Plaintiff's entitlement to an immediate or speedier release through the reduction of either his maximum sentence or his thirty year period of parole ineligibility. Plaintiff's claims for prospective relief are therefore barred by the *Preiser* doctrine and may only be raised in this Court through a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[2] *Brown*, 432 F. App'x at 46. As Plaintiff's claims for monetary relief similarly arise directly out of his habeas claims, those claims, too, are barred by the *Heck* doctrine until such time as Plaintiff has his sentence invalidated through a habeas petition or petition for post-conviction relief in the state courts. *Brown*, 2010 WL 5149341, at *4 (quoting *Heck*, 512 U.S. at 489-90).

As such, all of Plaintiff's federal claims over which this Court has original jurisdiction must be dismissed. As this Court will dismiss all claims over which it has original jurisdiction, this Court declines to extend supplemental jurisdiction over Plaintiff's state law breach of contract claim. *See* 28 U.S.C. §1367(c)(3). Plaintiff's complaint will therefore be dismissed without prejudice in its entirety. As this Court is dismissing Plaintiff's entire complaint, this Court will deny his application for pro bono counsel and his motion to relax Rule 5 as moot.

---

[2] This Court makes no determination as to the merits of any such habeas petition.

### III. CONCLUSION

For the foregoing reasons, the Complaint will be DISMISSED in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A.

An appropriate Order accompanies this Opinion.

      _s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Dated: 03/24/2016